Citation Nr: 1829807 
Decision Date: 08/22/18 Archive Date: 08/30/18

DOCKET NO. 07-05 817 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

1. Entitlement to service connection for pinched nerves.

2. Entitlement to service connection for headaches.

3. Entitlement to service connection for hypertension, to include as secondary to service-connected posttraumatic stress disorder (PTSD).

4. Entitlement to a rating higher than 20 percent for hepatitis C.

5. Entitlement to an initial rating higher than 70 percent for PTSD with alcohol use disorder.

6. Entitlement to an initial compensable rating for right ear hearing loss.

7. Entitlement to an effective date prior to June 14, 2004, for the grant of service connection for PTSD with alcohol use disorder.

8. Entitlement to an effective date prior to March 30, 2005, for the grant of service connection for right ear hearing loss.


REPRESENTATION

Appellant represented by: Jeany Mark, Attorney at Law


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Davitian, Counsel


INTRODUCTION

The Veteran served on active duty from February 1969 to October 1970, with service in the Republic of Vietnam.

These matters come before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston Salem, North Carolina. 

In July 2009, the Veteran testified during a videoconference hearing before an acting Veterans Law Judge. A transcript of that hearing is of record. The Veteran was notified in June 2015 that the acting Veterans Law Judge who conducted his hearing is no longer employed by the Board, and he therefore had the right to an additional hearing before a different Veterans Law Judge. The Veteran did not submit a motion for a new hearing.

The claim for service connection for pinched nerves was denied by the Board, most recently in a September 2015 decision. The Veteran appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims (Court), and in August 2016, pursuant to a Joint Motion for Partial Remand, the Court vacated and remanded the matter.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Because the development requested in the February 2017 remand has not been complied with and previous medical opinions are inadequate, another remand is necessary. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In September 2017 the Veteran submitted a VA Form 21-4142a giving consent to obtain records from Dr. James Skeen, MD. However, the record reflects that in October 2017, VA requested records from Dr. James Skoem, MD. That request was returned to VA, with a notation that it was not deliverable as addressed and could not be forwarded. Another request must be made to the appropriate physician. 

A private medical opinion submitted in March 2018, which includes positive nexus opinions on the claims of service connection pinched nerves, headaches and hypertension, is not sufficient to grant the claims. The opinion provider does not indicate what records were reviewed prior to making the statement (specifically, whether service treatment records were available for review) and includes speculative language. The provider also opines that the Veteran's headaches and hypertension are likely related to herbicide exposure and the service-connected PTSD and he also raises theories of entitlement that have not been raised considered. Medical opinions obtained on remand should address all theories. 

The private medical opinion cites a medical article it describes as demonstrating at least partial cause and effect between PTSD and hypertension. The private medical opinion also relates that a study presented at the 2017 American Academy of Neurology annual meeting indicates that headaches may be correlated with the severity of PTSD in certain patients. The private medical opinion concludes that the Veteran's hypertension and chronic headaches should be considered as likely as not service related. 

VA's own statements in connection with its rulemaking authority support an association between hypertension and PTSD. VA has found that a presumption of service connection is warranted for hypertensive vascular disease for prisoners of war (POWs). This presumption is based on several medical studies indicating that veterans who have a long-term history of PTSD have a high risk of developing cardiovascular disease and myocardial infarction. See Presumptions of Service Connection for Diseases Associated With Service Involving Detention or Internment as a Prisoner of War, 70 Fed. Reg. 37040 June 28, 2005); Presumptions of Service Connection for Diseases Associated With Service Involving Detention or Internment as a Prisoner of War, 69 Fed. Reg. 60083 (Oct. 7, 2004). The opinion obtained on remand must consider this.

Although hypertension is not a disability presumptively associated with herbicide exposure (see 38 C.F.R. § 3.309 (e) (2016)), the National Academy of Sciences (NAS) has placed hypertension in the category of "limited or suggestive evidence of an association" with exposure to herbicides. See Determinations Concerning Illnesses Discussed in National Academy of Sciences Report: Veterans and Agent Orange: Update 2010, 77 Fed. Reg. 47,924, 47,926 (Aug. 10, 2012). The opinion obtained on remand must consider this.
 
Since the issues on appeal are being remanded for development, the Veteran's eFolders should be updated to include any outstanding VA treatment records. See 38 C.F.R. § 3.159 (c)(2); see also Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the Veteran's eFolders copies of any and all outstanding VA treatment records. 

2. Request that the Veteran submit a completed and signed VA Form 21-4142 for Dr. James Skeen; then take all appropriate actions to obtain the identified records and associate them with the Veteran's eFolders. 

3. After completion of the foregoing, obtain an addendum medical opinion from an appropriate clinician to determine the nature and etiology of any hypertension. If the examiner determines that the opinion cannot be provided without an examination, one should be scheduled. 
Based on a review of the record, the examiner must address the following: 
(a) Is it as least as likely as not (50 percent or greater probability) that the Veteran's currently diagnosed hypertension had its onset in service or is otherwise related to any incident of his active duty service, specifically to include as a result of conceded herbicide exposure?
The examiner must specifically reference, in the opinion rationale, the National Academy of Sciences (NAS) Veterans and Agent Orange Updates, to include in 2010 and 2012, which stated that there was "limited or suggestive" evidence of an association between hypertension and herbicide exposure. 
In addition, the examiner must discuss whether they find the NAS Updates to be persuasive and weigh the relative risks presented by the Veteran's presumed Agent Orange exposure and other relevant factors. 
The examiner is advised that, although VA has not determined that hypertension qualifies for presumptive service connection based on herbicide exposure, this does not preclude a nexus to service. Instead, the examiner must consider all pertinent evidence, and offer an opinion as to whether the Veteran's hypertension is due to such exposure.
(b) If the answer to (a) is no, is it at least as likely as not (50 percent or higher degree of probability) that any currently diagnosed hypertension is caused by the Veteran's service-connected PTSD?

(b) Is it at least as likely as not that the Veteran's service-connected PTSD aggravated (defined as any increase in disability) any current hypertension?

The examiner should consider, and discuss as necessary (i) the VA material cited above suggesting an association between PTSD and hypertension. See Presumptions of Service Connection for Diseases Associated With Service Involving Detention or Internment as a Prisoner of War, 70 Fed. Reg. 37040 (June 28, 2005); Presumptions of Service Connection for Diseases Associated With Service Involving Detention or Internment as a Prisoner of War, 69 Fed. Reg. 60083 (Oct. 7, 2004), and; (ii) the Veteran's testimony that the stress of his service-connected PTSD aggravates his hypertension, and (ii) the March 2018 private medical opinion that cites a medical article it describes as demonstrating at least partial cause and effect between PTSD and hypertension, and concludes that the Veteran's hypertension should be considered as likely as not service related.
A complete rationale must be provided for all opinons. 
4. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any headaches. The examiner must opine whether it is at least as likely as not any headaches are caused or aggravated (defined as any increase in disability) by the Veteran's service-connected PTSD with alcohol use disorder. 

In doing so, the examiner is asked to specifically address the March 2018 private medical opinion that relates that a study presented at the 2017 American Academy of Neurology annual meeting indicates that headaches may be correlated with the severity of PTSD in certain patients, and concludes that the Veteran's chronic headaches should be considered as likely as not service related.
A complete rationale must be provided for all opinons. 
5. Then, readjudicate the Veteran's claims, to include earlier effective date claims. If any benefit sought on appeal remains denied, the appellant and his representative should be provided an SSOC and afforded an opportunity to respond. The case should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2012).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).